1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   ROBERT WALLACE CHARD,          )    Case No. SACV 08-1160-CAS (OP)
                                     )
12              Petitioner,          )    ORDER TO SHOW CAUSE RE:
                                     )    DISMISSAL OF PETITION FOR
13        v.                         )    WRIT OF HABEAS CORPUS BY A
                                     )    PERSON IN STATE CUSTODY
14                                   )    (28 U.S.C. § 2254) AS UNTIMELY
     FERNANDO GONZALEZ,              )
15   WARDEN,                         )
                                     )
16              Respondent.          )
                                     )
17   _____

18                         **I.**

19                   **INTRODUCTION**

20        On October 16, 2008, Robert Wallace Chard ("Petitioner"), through

21   counsel, filed the current Petition for Writ of Habeas Corpus by a Person in State

22   custody pursuant to 28 U.S.C. § 2254 ("Petition").

23        Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

24   United States District Courts, the Court has examined the current Petition and

25   finds that it plainly appears from its face that Petitioner is not entitled to relief in

26   the district court.  Specifically, the Court finds that the Petition is subject to

27   summary dismissal because the information provided indicates that the Petition is

28   untimely.

## II.

## __PROCEDURAL HISTORY__

On April 26, 2002, Petitioner was found guilty after a jury trial in the Orange County Superior Court, case no. 01CF2130, of selling a controlled substance in violation of California Health and Safety Code section 11352(a). (Pet. at 2.)  The jury also found true the allegations that Petitioner had sustained prior serious or violent felonies and failed to remain free from custody for a period of five years after his release from prison within the meaning of California Penal Code sections 667(d) and (e)(2), 117-0.12(b), and 667.5.  (Id.)  On the same date, Petitioner was sentenced to a total state prison term of twelve years. (Id.)

Petitioner appealed the judgment of conviction to the California Court of Appeal.  People v. Chard, 2003 WL 22147596, at *5 (Cal. App. 4 Dist. Sept. 18, 2003).  According to the Petition, on November 26, 2003, the court of appeal filed a remittitur.  (Id. at 2, 3.)  Petitioner did not file a petition for review in the California Supreme Court.  (Id. at 3; Official Records of California Courts.[1])

On September 12, 2007, Petitioner filed a habeas corpus petition in the Orange County Superior Court which was denied on October 19, 2007.  (Pet. Exs. 1, 2.)  On November 20, 2007, Petitioner filed a habeas corpus petition in the California Court of Appeal which was denied on January 10, 2008.  (Id. Exs. 3, 4.)  On February 19, 2008, Petitioner filed a habeas corpus petition in the California Supreme Court which was denied on August 13, 2008.  (Id. Exs. 5, 6.)

---

[1] The Court's independent review of the California State Courts' website does not reveal the filing of a petition for review by Petitioner.  The Court takes judicial notice of the state appellate court records for Petitioner's cases, which are available on the Internet at http://appellatecases. courtinfo.ca.gov.  See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

2

1   On October 16, 2008, Petitioner filed the current Petition.

2       For the reasons discussed below, Petitioner is ordered to show cause why

3 the current Petition should not be dismissed with prejudice as untimely.

**III.**

**DISCUSSION**

**A.**   **Standard of Review.**

      This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false). Further, the Court has the authority to raise the statute of limitations issue *sua sponte* and to dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). However, that authority should only be exercised after a petitioner is provided with adequate notice and an opportunity to respond. Id.

**B.**   **The Petition Was Not Filed Within the Limitation Period.**

      The current Petition was filed after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law and is, thus, subject to the AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th

Cir. 1997).[2] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As discussed above, Petitioner appealed the judgment of conviction to the California Court of Appeal. On November 26, 2003, the court of appeal filed a remittitur.[3] (Id. at 2, 3.) Petitioner did not file a petition for review in the California Supreme Court. (Id. at 3; Official Records of California Courts.) As a result, Petitioner's conviction became final forty days later, on January 5, 2004. See Cal. R. Ct. 8.264(b)(1), 8.500(e)(1). Petitioner had until January 4, 2005, to file the current Petition. 28 U.S.C. § 2244(d)(1)(A); see also Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner did not file the current Petition until October 26, 2008, over three and one half years after the limitation period expired. Thus, absent applicable statutory tolling, equitable tolling, or an alternate start date to the AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the current Petition is untimely.

**C.    Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Patterson, 251 F.3d at 1247.

The United States Supreme Court has held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief. Carey v.

---

[2] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

[3] While the court of appeal affirmed the judgment in Petitioner's case on September 18, 2003, the Court will use the November 26, 2003, date for purposes of its analysis.

1   _Saffold_, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260

2   (2002). The period tolled includes the intervals between one state court's

3   disposition of a habeas petition and the filing of a habeas petition at the next

4   level of the state court system. _Id._ In _Nino v. Galaza_, 183 F.3d 1003, 1006 (9th

5   Cir. 1999), the Ninth Circuit held that "the statute of limitations is tolled from the

6   time the first state habeas petition is filed until the California Supreme Court

7   rejects the petitioner's final collateral challenge." Claims denied as untimely or

8   determined by the federal courts to have been untimely in state court will not

9   satisfy the requirements for statutory tolling. _Evans v. Chavis_, 546 U.S. 189,

10  192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing _Carey_, 536 U.S. at 222-

11  23).[4]

12      As set forth above, Petitioner's conviction became final on January 5,

13  2004, and the limitation period ended January 4, 2005. Statutory tolling is

14  unavailable where, as here, Petitioner's first state habeas petition in the Orange

15  County Superior Court was not filed until September 12, 2007, over two and one

16  half years after the expiration of the AEDPA limitation period. (Pet. Exs. 1, 2.)

17  Section 2244(d) does not permit the reinitiation of the AEDPA limitation period

18  that has ended before a state habeas petition is filed. _Ferguson v. Palmateer_, 321

19  F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the

20  _____

21      [4] The Court in _Evans_ held that a California Supreme Court order silent on

22  the grounds for the court's decision is not equivalent to a holding that the filing
    was timely. _Evans_, 546 U.S. at 197-98. Thus, in the absence of clear direction or

23  explanation from the California Supreme Court about the meaning of the term

24  "reasonable time" (in which to file a habeas petition), or clear indication that a
    particular request for appellate review was timely or untimely, the federal court

25  must itself examine the delay in each case and determine what the state courts

26  would have held with respect to timeliness. _Id._ at 198. That is, "the federal court
    must decide whether the filing of the request for state-court appellate review (in

27  state collateral review proceedings) was made within what California would

28  consider a 'reasonable time.'" _Id._

1    reinitiation of the limitations period that has ended before the state petition was

2    filed," even if the state petition was timely filed); see also Jiminez v. Rice, 276

3    F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th

4    Cir. 2001).  For the same reason, Petitioner is not entitled to statutory tolling for

5    the two other habeas petitions he filed in the California Court of Appeal and the

6    California Supreme Court.  Since Petitioner filed his state habeas petitions well

7    after the AEDPA limitation expired, he may not avail himself of statutory tolling

8    to render the current Petition timely.  Thus, absent equitable tolling or an

9    alternate start date for the statute of limitations, it appears that the current

10    Petition is untimely.

11    **D.    Equitable Tolling**

12        The one-year limitation period is subject to equitable tolling if a petitioner

13    demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that

14    some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.[5]  A

15    petitioner bears the burden of alleging facts that would give rise to tolling.  Id.

16    "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very

17    high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063,

18    1066 (9th Cir. 2002) (internal quotation marks and citation omitted).  This high

19    bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging

20    prompt filings in federal court in order to protect the federal system from being

21    forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir.

22    2003) (internal quotation marks and citation omitted).  Equitable tolling

23

24    _____

25        [5] The Supreme Court in Pace noted that it has "never squarely addressed
      the question whether equitable tolling is applicable to AEDPA's statute of

26    limitations." Pace, 544 U.S. at 418 n.8.  The Supreme Court declined to consider
      the issue in that case and assumed for the sake of argument that it did, because

27    the respondent assumed as much, and the petitioner was not entitled to tolling

28    under any standard.  Id.

1  determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d

2  1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304

3  F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations

4  "turn[ ] on an examination of detailed facts"). The face of the Petition does not

5  set forth any facts showing that Petitioner is entitled to equitable tolling. Thus,

6  as set forth above, it appears that the current Petition is untimely.

7  **E.    Alternate Start of the Statute of Limitations**

8      **1.    State-Created Impediment.**

9      In rare instances, AEDPA provides that its one-year limitations period

10  shall run from "the date on which the impediment of filing an application created

11  by State action in violation of the Constitution or laws of the United States is

12  removed, if the applicant was prevented from filing by such State action." 28

13  U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a

14  state-created impediment requires a showing of a due process violation. Lott,

15  304 F.3d at 925. The face of the Petition does not set forth any facts showing

16  that Petitioner is entitled to relief under this provision.

17      **2.    Newly Recognized Constitutional Right.**

18      The AEDPA also provides that, if a claim is based upon a constitutional

19  right that is newly recognized and applied retroactively to habeas cases by the

20  United States Supreme Court, the one-year limitations period begins to run on the

21  date which the new right was initially recognized by the United States Supreme

22  Court. 28 U.S.C. § 2244(d)(1)(C). The current Petition raises three claims, two

23  based on Eighth Amendment grounds, and one based on Cunningham v.

24  California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). (Pet. at 5, 6.)

25      The Ninth Circuit has recently held that Cunningham did not announce a

26  new rule of constitutional law within the meaning of Teague v. Lane, 489 U.S.

27

28

7

288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989),[6] and therefore, <u>Cunningham</u> could be applied retroactively on collateral review. <u>Butler v. Curry</u>, 528 F.3d 624, 639 (9th Cir. 2008). In <u>Butler</u>, the Ninth Circuit concluded that the result in <u>Cunningham</u> was clearly dictated by the Supreme Court's Sixth Amendment case law, in particular by <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), which was decided before the conviction of the petitioner in <u>Butler</u> became final. <u>Butler</u>, 528 F.3d at 628.

Although <u>Butler</u> held that <u>Cunningham</u> applied the existing rules from <u>Blakely</u>, the current Petition is still untimely. The decision in <u>Blakely</u> was issued on June 24, 2004. Unlike the petitioner in <u>Butler</u>, Petitioner's conviction became final on January 5, 2004. Petitioner also did not file his first state habeas petition until September 12, 2007, over three years after the <u>Blakely</u> decision and over two and one half years after the limitation period had expired. Thus, <u>Butler</u> is inapplicable to Petitioner's case.

Moreover, assuming <u>Cunningham</u> announced a right newly recognized by the Supreme Court, the right must not only be newly recognized, but must also be made retroactively applicable to cases on collateral review. <u>See</u> 28 U.S.C. § 2244(d)(1)(C). The Ninth Circuit has held that the rule in <u>Apprendi</u> is not retroactive to cases on collateral review. <u>See</u> <u>Rees v. Hill</u>, 286 F.3d 1103, 1104 (9th Cir. 2002) (<u>Apprendi</u> does not apply retroactively). The Ninth Circuit has also held that <u>Blakely</u> is not retroactively applicable to cases on collateral review. <u>See</u> <u>Schardt v. Payne</u>, 414 F.3d 1025, 1036 (9th Cir. 2005) (concluding that <u>Blakely</u> does not apply retroactively to cases on § 2254 habeas review). Given that <u>Cunningham</u> applied the reasoning of <u>Apprendi</u> and <u>Blakely</u> to California's

---

[6] Under <u>Teague</u>, "old" rules of criminal procedure apply "both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review." <u>Whorton v. Bockting</u>, 549 U.S. 406, 127 S. Ct. 1173, 1180, 167 L. Ed. 2d 1 (2007).

8

upper term sentencing scheme, it appears that the Supreme Court would likewise find that <u>Cunningham</u> does not apply retroactively.  Thus, Petitioner cannot rely on <u>Cunningham</u> to bring this claim under 28 U.S.C. § 2244(d)(1)(C).

### 3. **Discovery of Factual Predicate.**

The AEDPA further provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

## IV.

## ORDER

Based upon the foregoing, the Court finds that the face of the Petition indicates that it is untimely.  Accordingly, Petitioner is ordered to show cause why the Petition should not be dismissed as untimely by filing a response within thirty (30) days of the date of this Order.  In the response to this Order to Show Cause ("OSC"), Petitioner shall make clear the dates on which any state habeas petition was filed and shall, if possible, attach copies of any state petition (showing that it was filed) and copies of the state court's decision addressing each petition.  All facts relied upon by Petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.  Petitioner must describe specifically the nature and duration of any extraordinary circumstances and their consequences in a declaration signed by him under penalty of perjury.  Petitioner shall also include with his response properly authenticated prison records or documents which demonstrate any circumstance which Petitioner believes impeded his ability to timely file the current Petition.

///
///

1    Failure to comply with these requirements may result in the dismissal of

2   this action for failure to prosecute and/or failure to comply with a court order.

3   Failure to remedy the deficiencies discussed may also result in a recommendation

4   that the action be dismissed.

5

6   **IT IS SO ORDERED.**

7

8   DATED: October 27, 2008

9                                                    HONORABLE OSWALD PARADA
                                                     United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1